IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                          )
    JELENA DORDEVIC,                  )         Case No. 20-09807
                Debtor.         )         Chapter 7
                                          )         Honorable Donald R. Cassling
                                          )

### RESPONSE TO MOTION TO INSPECT FEES

NOW COMES Debtor, JELENA DORDEVIC, and for her Response to the Motion of the Trustee to Inspect Fees states as follows:

Debtor does not dispute that some appropriate filings were not timely made with the Clerk of the Court. Disclosure under the Rules is mandatory, not permissive. In re Kowalski, 402 B.R. 843, 848 (Bankr. N.D. Ill. 2009). The failure to make full disclosure is sanctionable, and the sanctions can include partial or total denial of compensation as well as partial or total disgorgement of fees paid. *In re Andreas,* 373 B.R. 864, 872 (Bankr.N.D.Ill.2007); *In re Jackson*, 401 B.R. 333, 340 (Bankr. N.D. Ill. 2009). The extent to which compensation should be denied rests with the Court's sound discretion. *In re Kowalski*, 402 B.R. 843, 848 (Bankr. N.D. Ill. 2009). However, full disgorgement is found when the fee arrangement has been either not disclosed or inaccurately stated. See, e.g., *In re Jackson*, 401 B.R. 333, 341 (Bankr. N.D. Ill. 2009) ("sever Sanction" of total disgorgement issued when attorney twice misrepresented his fee arrangement to the court, and the fees to be charged.

However, no contumacious conduct is present justifying disgorgement. In the case at bar, the debtor and his attorney made the appropriate initial disclosure, listing his agreement and listing $8,000 in fees. Debtor failed to thereafter list $13,000 in fees received from the Debtor out of a lack of experience in such matters, having no prior experience with

filing for ongoing fees. When asked for an accounting by the Trustee, the Debtor's attorney provided the full amount received, although incorrectly stated.

Further, no damage to the estate is present. The purpose of section 329 is limited, as it regulates the relationship between a debtor and the debtor's attorney. The purpose of section 329 is to protect debtors and the estate. Its purpose is not to protect the bankruptcy system as a whole by deterring improper filings. *In re Petrovic*, 560 B.R. 312 (Bankr. N.D. Ill. 2016). In the case at bar, other than the initial fees which were fully disclosed, no funds are requested of the Estate and have come from outsides sources. Accordingly, a minimal sanction should be imposed, and at maximum the amounts not identified in subsequent filings.

WHEREFORE, Debtor, JELENA DORDEVIC, respectfully requests that the Court deny sanction in this matter and grant Debtor leave to file her supplemental statements on fees earned.

                                            Respectfully submitted,

                                            JELENA DORDEVIC,

                                            s/ Anthony J. Peraica
                                            Anthony J. Peraica

Anthony J. Peraica, #6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, Illinois 60632
Phone: (773) 735-1700
Fax: (773) 585-3035
support@peraica.com

# EXHIBIT A